JACKSON, *ex dem.* POTAN, *against* HOAG.

THIS was an action of ejectment. A verdict was taken for the plaintiff, subject to the opinion of the court, upon the following case, with liberty to either party to turn the same into a special verdict.

*Johannis Van Der Heyden*, deceased, was seised in fee of the premises in question, and on the 12th of *March*, 1771, *by will*, duly executed, devised his estate, of which the premises were a part, to his children, "*John*, *Mary*, (the lessor of the plaintiff,) *Rachel* and *Jane*, their heirs and assigns, for ever, as tenants in common; and if any of them should die without lawful heirs, and unmarried, that then the share of him, her, or them, so dying, should go to the survivor or survivors, equally." The testator, soon after, died seised of the premises.

*Jane* died, unmarried, and without issue, and *Rachel*, and her husband, *Jonathan Ogden*, afterwards, and on the 23d of *September*, 1796, by deed duly made and executed, conveyed their share of the testator's estate,

A devised lands to his four children, as tenants in common. After the death of A. B. brought an action of debt on a bond of A. against the heirs and devisees, one of whom only was taken on the *capias ad respondendum*, and the others were returned *not found*. B. having obtain'd a judgment, by default, against all the defendants, issued an execution, by virtue of which the sheriff seized and sold the lands belonging to all the defendants, as heirs and devisees. It was held, that the shares of the defendants not taken on the *capias ad respondendum*, could not be affected by the judgment, nor sold under the execution; the estate of the devisees being separate, and not joined.

to the lessor of the plaintiff, her heirs and assigns for ever.

*Harme Gansevoort* commenced an action of debt in the court of common pleas of the county of *Albany*, against *John Van Der Heyden*, (the son,) *Mary*, (the lessor of the plaintiff,) and her then husband, *Matthew Potan*, (who died before the bringing of the present suit,) and *Rachel*, and her husband, *Jonathan Ogden*, as heirs and devisees of *Johannis Van Der Heyden;* all of which defendants were returned not found, except *John Van Der Heyden.*

The plaintiff having declared, in the action, on a bond made by the testator, obtained judgment, by default, against all the defendants, in their personal, and not in their representative capacity, for the penalty of the bond, and the costs, in the term of *October*, 1787.

Under this judgment, a *fieri facias* was issued to the sheriff of *Albany*, who sold the premises in question, then lying within that county, to *Harme Gansevoort*, and conveyed the same to him, his heirs and assigns, for ever, by deed, bearing date on or about the 16th day of *February*, 1789.

The defendant claimed and held the premises by title derived from *Harme Gansevoort*, subsequent to the sheriff's sale, and was in the actual possession thereof, at the commencement of this suit.

*Henry*, for the plaintiff, contended, 1. That the judgment in favour of *Harme Gansevoort*, against such of the heirs of *Johannis Van Der Heyden*, as were not brought into court, was void; and that, therefore, no title in their shares of the premises in question passed by the sheriff's sale, under that judgment.

2. That there was a subsisting title to two undivided third parts of the premises in question, for which the plaintiff ought to have judgment.

*Sudam*, contra.

*Per Curiam.* As the lessor of the plaintiff was never taken, in the suit against the heirs and devisees of her father, the judgment and execution could not affect her separate estate, nor her person. She was a tenant in common with the other heirs, in the lands devised by her father; but her share of the estate could not be sold under that judgment. It was a separate, and not a joint estate. This is the restriction in the act* (*Laws*, vol. 1. 353.) authorizing proceedings against joint debtors, when all are not taken; and, independent of this statute, a plaintiff cannot proceed against a debtor not taken, but by prosecuting him to outlawry. This is the course pursued when heirs in *gavelkind* are sued and not taken. (*Dyer*, 239. a. *Rastal's Ent.* 208. b.)

* 24 sess. c. 90. s. 13.

The right to proceed against several executors, where one only is taken, and to obtain judgment against all, is also founded on an *English* statute, which we have adopted. (*Laws*, vol. 1. 538.)†

The judgment and execution in this case did not, therefore, authorize the sale of the share of the lessor, or of that of her sister, which she has since purchased, and consequently she is entitled to judgment for two third parts of the premises.

† 24 sess. c. 174. s. 11.

Judgment accordingly.