### AMOS A. BREWSTER *versus* ELIJAH HILL.

A term for nine hundred and eighty-five years passes in a will under the expression, "personal estate."

THIS was an action of trespass in ejectment.

At the trial here under the general issue, May term, 1818, it appeared in evidence that *John Wheelock*, Esq. was the

owner of the demanded premises on the 15th of March, A. D., 1796: that he then leased them to one O., for 985 years: that O. entered and died, bequeathing all his "personal estate" to A. P. and wife; and that in November, 1807, A. P. and wife conveyed their interest to the plaintiff.

A verdict was returned for the plaintiff, subject to the opinion of the court upon the above evidence.

*Nelson* for the plaintiff.

*Bell* for the defendant.

WOODBURY, J. delivered the opinion of the court.

In this case the sole question is, whether the term mentioned in the plaintiff's writ would pass under a devise of "personal estate."

The boundaries between real and personal estate are, in certain instances, scarcely distinguishable; and indeed some species of property exist, which have been deemed real or personal, according to the character of the claimants, and the purpose for which they claim. *Vide autho. cited post Mills* vs. *Pierce, Rock., Feb.,* 1819.

But we are not aware of any established principles or precedents which would make leases for years any thing more than "personal estate." The law in relation to them was settled before the land itself could be conveyed(1.) They were then for short terms, and with an exclusive view to aid great land-holders in the cultivation of the soil. Hence the lease passed to the lessee no interest in the premises; but was a mere contract, for a breach of which a recovery in damages against the lessor was the only remedy(2.)

As the custom altered, and leases for longer terms became common, the remedy of the lessee was by statute extended, and he was enabled to protect himself in the occupation of the land itself(3.)

Yet all the incidents of a mere chattel were still attached to the term—whether its continuance was for one or for a hundred years(4.) Livery of seizin was not necessary to pass the interest, as it was to pass real estate(5.) The lessee could

(6) 3 *Bl. C.* 199.

(7) *Booth.*

(8) *Bac. Leg. B.*
3.—1 *Roll. Ab.*
609.

(9) 1 *Leon.* 312,
*Gillam, adm.* vs.
*Lovelace.*—5 *Ma.
R.* 419, *Pet. of
Gay, admr.*—2
*John. C.* 376.

(10) 8 *Co.* 171,
*Fleetwood's case.*
—1 *John. C.* 223,
*Wedenbergh* vs.
*Morris.*—3 *Atk.*
739, *Bunder* vs.
*Kennedy.*

(11) *Shep. T.* 97.
—*Cro. El.* 386,
*Bordman* vs. *Wil-
lis.*—1 *D. & E.*
597, *Bac. Leg. B.*

(12) 13 *Mass. R.*
403.

(13) *Cilley* vs.
*Cayford, Hills.,
April,* 1806.

(14) *Stat.* 191.

(15) *Cow.* 591.

not sustain a real action ; but when ousted was obliged, as this plaintiff has been in this instance, to resort to trespass in ejectment(6.)   Nor could a real action be maintained against him ; because he was not the owner of the realty, and could plead non tenure(7.)   His interest could be devised, though at common law no real estate would pass by a will(8.)   It has always been held, too, that after the decease of the lessee the term belonged to his executors or administrators, and not to his heirs(9.)

Under statutes creating a lien upon the real estate of a debtor from the time of judgment rendered, leases for years have been decided not to be embraced(10.)   In wills, too, as in the present case, they have always passed under the expression " goods and chattels," and in some instances under that of " goods" alone(11.)   Nor is it necessary that leases should be acknowledged and attested, as deeds must be that convey " lands and tenements."—*Stat.* 191.

But we are well aware of a common impression, that long terms are " to all imaginable purposes a fee simple estate :" (12)that a power " to sell land" has been held to be duly executed by leasing it for 999 years :(13)—that our statute of Feb. 10, 1791,(14) requires all leases for more than seven years to be recorded—and that according to *Denn* vs. *Barnard,*(15) an adverse possession by the lessee, under a long term, might in time enable him to claim a fee.

On principle, however, it is impossible to define at what number of years a lease shall become real estate.   Its character cannot be changed by the length of the term.   Nor does our statute, or the decisions last cited, appear upon examination to conflict with the idea that a lease for any number of years is not, as to the lessee's heirs, any thing more than " personal estate."

*Let judgment be entered on the verdict.*