## BENJAMIN HUTCHINSON *vs.* DAVID STILES, *administrator of the estate of* ZADOCK JONES.

In this state an heir is liable on the covenant of his ancestor only in cases, where no action for the same cause could have been sustained against the executor, or administrator, of the ancestor.

COVENANT broken. The plaintiff in his declaration alleged, that one *Caleb Jones*, on the 12th December, 1780, by deed conveyed to the plaintiff " the Charlestown school farm," in Amherst, in fee ; and by said deed covenanted with the plaintiff, that he, the said *Caleb*, and his heirs, would warrant the same to the plaintiff ; that said *Caleb* having in a part of said farm only an estate for his own life, the fee being in *Deborah Jones*, wife of the said *Caleb*, died ; where-

upon the said *Deborah*, on the 1st May, 1805, entered into that part of the farm, and conveyed the same to *Zadock Jones*, who entered and held the same during his life ; that the said *Zadock Jones* was son and heir of the said *Caleb Jones*, and had lands, by descent, from the said *Caleb*, sufficient to respond the damages sustained by the plaintiff in consequence of the breach of the said covenant.

The defendant, among other pleas, pleaded in bar, that the said *Caleb Jones* died before 1st May, 1805, and that the causes of action, in the plaintiff's declaration mentioned, accrued to the plaintiff before the 2d May, 1805 ; that, on 15th October, 1805, *Zadock Jones* took administration of the said *Caleb's* estate, and continued to administer until the year 1823.

To this plea there was a general demurrer, and joinder in demurrer.

*E Parker*, for the plaintiff.

*C. H. Atherton*, for defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It seems to have been well settled, at the common law, that debt or covenant might be maintained against an heir having assetts, when expressly bound by the deed of his ancestor. *Willes* 585, *Dyke vs. Sweeling*.—1 *Chitt. Plead.* 39. —*Co. Litt.* 209, *a*.—6 *Mass. Rep.* 151.—9 *ditto* 378.—2 *Chitt. Plead.* 161.—2 *Saund.* 7, *note* 4.—5 *Went. Plead.* 379.

And this principle is recognized by our statute of June 9, 1808, (1 *N H. Laws* 110,) which enacts, " that the heirs, " &c. of any person jointly bound, &c. by any bond, &c. may " be charged by virtue of such bond, &c. in the same way " and manner, as such heirs, &c. might have been charged, " if such deceased person, bound or holden, as aforesaid, had " been bound or holden severally as well as jointly."

In New-York, the heir is liable upon the contract of his ancestor, to the extent of the inheritance. 2 *Cowen* 569, *Whitaker vs. Young*.—6 *Johns.* 59.—13 *Johns.* 97.

In Massachusetts, the principle is adopted by statute with certain modifications. 12 *Mass. Rep.* 396, *Royce vs. Burrell*.

It also seems to have been well settled, that, when the lands of the obligor descended to his heir, who died seized of the same, the heir of the obligor's heir was liable : (2 *Saund.* 7, note 4.—*Croke Car.* 151, *Jenk's case.*—*Lilly's entries,* 147,) and that either the heir, or the administrator or executor, of the obligor might be sued. 3 *Levintz* 189, *Davis vs. Churchman.*

In *Davy vs. Pepys,* (*Plowden* 441,) a question was made, whether the heir of an heir could be charged. But it seems never to have been doubted, that an action might be maintained against an executor or administrator of the heir. In *Rastall's entries* 171, the form of a declaration against the executor of an heir may be found. *Plowden* seems to have doubted, whether the heir of an heir was liable, because it had been settled, that the executor of the heir was liable.

But how far, and under what circumstances, an heir, having lands by descent, is liable on the covenant of his ancestor, has not, to our knowledge, been settled in this state. Indeed, we are not aware, that any attempt has ever been made among us to charge an heir, in such a case. We are, therefore, now, for the first time, to settle, how far the principles of the common law on this subject are adapted to our situation and circumstances.

In the case now before us it appears, that *Caleb Jones,* who made the covenant, on which this action is founded, died in 1805 ; that his estate was immediately placed under the administration of *Zadock Jones ;* and that the covenant, mentioned in the plaintiff's declaration, was broken in the same year. And the question is, whether an heir is liable, in this state, on the covenant of his ancestor in cases, where a remedy might have been had against the executor or administrator of the ancestor.

It is very obvious, that, while the executor or administrator is liable, an action against the heir is altogether unnecessary. All the estate, both real and personal, is by law liable, in the hands of executors, and administrators, to pay all debts. This is an ample remedy. It is for this reason, that

the attempt has rarely, if ever, been before made in this state to charge an heir.

And there are very serious objections against sustaining an action against an heir, so long as the executor or administrator is liable. In an action against an heir, it is well known, that he may plead in such a manner, as to compel the plaintiff to take the land descended. But if, after the plaintiff had taken the land, the estate of the ancestor should be found to be insolvent, it is very clear, that it would be the duty of the executor or administrator of the ancestor to sell all the real estate ; by which the remedy against the heir would be altogether defeated. The principle of holding the heir liable, before the administration of the ancestor's estate is closed, may be, therefore, in some cases, in direct conflict with our statutes, which make all the estate of a person deceased liable to be distributed among his creditors.

And if, in an action against an heir, he should elect not to compel the plaintiff to take the land, but to pay the debt with his own money ; still he could not hold the land, if wanted to pay the debts of the ancestor. A sale by the executor or administrator would defeat his title by descent ; and he might not be able to hold the lands descended, after having been compelled to pay the debts of the ancestor by reason of the land descended. This would be unreasonable and unjust.

It is well settled, at the common law, that the heir is not liable, as tenant of the land descended, but as a debtor, in the *debet* and *detinet*. *Plowden* 441.—5 *Coke* 36, *Walcutt's case.*—*Cro. Eliz.* 350.—1 *Ventris* 95.—1 *Levintz* 130, *Goodwin vs. Newton.*—2 *Saund.* 7, *note* 4.

Now to throw such a liability upon the heir, while his title to the land remains liable to be defeated by a sale made by an executor or administrator, for the purpose of paying claims against the estate of the ancestor, seems to us very absurd.

For these reasons, we are of opinion, that an heir cannot be held liable on the covenant of his ancestor, while a remedy remains, and may be had, against the executor or administrator of the ancestor.

And we are farther of opinion, that, when the covenant of the ancestor is broken before the administration of his estate

is closed, and he, with whom the covenant was made, neglects to enforce his claim upon the estate, in the ordinary course, against the executor or administrator, until all remedy against them is barred, and the estate distributed according to law, in such a case, the heir is not liable. We think, that the settlement of estates, in a due course of administration, is not to be disturbed, but in cases of strong necessity, and when justice cannot be, and could not have been, obtained in any other way. The heir, in this state, cannot be held liable, except in cases, where no other remedy could be had.

It is, therefore, the opinion of the court, that, if *Zadock Jones* were now alive, he would not be liable as heir ; and of course, this suit cannot be maintained against the administrator of his estate. There must be

*Judgment for the defendant.*