<hr />

### MORSE *v.* DAVIS.

It is unnecessary to appeal from a void judgment.

The plaintiff brought an action of debt against the defendant, to recover a penalty under the statute, for cutting trees on the land of the plaintiff. The defendant pleaded that he was in possession of the land by virtue of a lease from the plaintiff, and that he lawfully cut the trees; to which the plaintiff replied that the lease was cancelled before the trees were cut. The justice rendered judgment for the plaintiff, from which the defendant appealed. Upon a complaint for not entering the appeal, it was *held*, that the plea brought the title to real estate in question; that the justice had no jurisdiction to render a judgment, and that it was unnecessary to enter the appeal, and the complaint was dismissed.

COMPLAINT, for not entering an appeal from the judgment of a justice of the peace.

On the 27th of December, 1849, the complainant, Morse, brought an action of debt before a justice of the peace, to recover the penalty prescribed by the first section of the 207th chapter of the Revised Statutes, for cutting trees on the complainant's land without leave of the owner.

To this action the respondent, Davis, pleaded that he was in possession of the premises on which the trees were cut, by virtue of a lease from the complainant to him, for the term of three years, and that he cut the trees for fuel, as he lawfully might do, agreeably to the terms of the lease. The complainant replied a cancellation of the lease before the cutting on which the action was founded. The respondent then contended that by these

pleadings the title to real estate was brought in question, and the justice of the peace thereby ousted of his jurisdiction.   This was overruled by the justice, and thereupon a trial was had and judgment rendered by the magistrate for the complainant, the plaintiff in that suit, against the respondent, from which judgment the respondent, Davis, claimed and took an appeal, but did not enter his appeal at the court to which the same was taken, and thereupon this complaint was filed, praying that the judgment of the justice be affirmed, and for costs.

*C. R. Morrison*, for the respondent.

A term for years is not real estate in the strict common law definition of the phrase, but it is a permanent interest in the land, and is real estate within the meaning of the law which creates and limits the jurisdiction of justices of the peace.   1 Hill. Abr. 3; 2 Kent's Com. 55; *Anderson* v. *Nesmith*, 7 N. H. Rep. 167, 170; 2 N. H. Rep. 289; *Forsaith* v. *Clogston*, 3 N. H. Rep. 403; *Pritchard* v. *Atkinson*, 4 N. H. Rep. 291; *Heaton* v. *Ferris*, 1 Johns. 146; *Striker* v. *Mott*, 6 Wend. 465; *Saunders* v. *Wilson*, 15 Wend. 338; *Randall* v. *Crandall*, 6 Hill 343; *Spear* v. *Bicknell*, 5 Mass. 125; *Lynch* v. *Rosseter*, 6 Pick. 419; 7 Mass. 476; 16 Mass. 448; Rev. Stat., chap. 1, § 17; chap. 130, § 1; chap. 195, § 12; chap. 196, § 13.

The title asserted in the plea was in opposition to the title of the plaintiff.   The plea did not set up a license, but a right depending entirely upon the defendant's title, and so the question was one of title and not of license.

The plea was a good answer, for it showed that the defendant in cutting the trees upon the land was not a person "having no right there," and so far as concerned this suit, that he only cut his own trees upon his own land.   It is none the less an answer because the action is debt.   *The People* v. *Onondaga C. P.*, 2 Wend. 263.   A legal justification is a defence, whatever is the form of action.

If debt is admissible and proper, yet the justice could not try the question of title.   *Flagg* v. *Gotham*, 7 N. H. Rep. 266;

Const. of N. H., part 2, § 77 ; Rev. Stat., chap. 175, § 1 chap. 187, § 3.

As there was no jurisdiction to render the judgment, it was void, and it was unnecessary to appeal from it, and it cannot be affirmed.    11 N. H. Rep. 191 ;  8 N. H. Rep. 353 ;  6 Wend. 465.

*Bryant,* for the complainant.

A lease for years is not real estate, but merely personal. 1 N. H. Rep. 350.

But even if it was real estate, that would be no answer to an action for a penalty.    The defendant may give any special matter in evidence under the general issue.    Rev. Stat., chap. 211, § 7.

GILCHRIST, C. J.    The 77th article of the Constitution provides that the legislature may give justices of the peace jurisdiction in civil causes, " where title of real estate is not concerned."    The first section of chap. 175 of the Revised Statutes, enacts that justices may try certain cases " in which the title to real estate is not drawn in question."

In the present cases the defendant pleaded that he was in possession of the premises by virtue of a lease from the plaintiff for the term of three years, to which the plaintiff replied a cancellation of the lease before the cutting complained of.

It is unnecessary to cite authorities at much length to show that the pleadings brought the title to real estate in question. If the plea be true, the plaintiff has no right to the possession, and it is immaterial whether the term be for three years or for thirty.    It as much deprives the plaintiff of all claim to the land during its continuance as if it were for nine hundred and ninety-nine years.    And this is independent of the question whether a term for years be real or personal estate.    That question need not be settled here.    For some purposes it is the former, and for some purposes it is the latter.    It will pass by a devise of the testator's personal estate.    *Brewster* v. *Hill,* 1 N. H. Rep. 350.

The lessor cannot maintain an action of trespass *quare clausum* for an entry upon the land during the term, and while it is in the possession of the lessee. *Anderson* v. *Nesmith*, 7 N. H. Rep. 167. And the title to real estate is to be considered as drawn in question in cases where the defendant sets up a title or claim of some kind in opposition to the title of the plaintiff. *Forsaith* v. *Clogston*, 3 N. H. Rep. 404. Here the respondent pleaded that he was in possession under a lease, and thus asserted a title to the land. The plea, then, raised a question of title, and the justice had no authority to proceed farther. His judgment was void and not a proper subject for appeal, and the defendant, in omitting to enter his appeal, has merely omitted to do an act which, if done, would have been of no consequence.

*Complaint dismissed.*