## The Judge of Probate *versus* Charles F. Brooks, and others.

The statute of the 3 and 4 W. and M. chapter 14, has been adopted in this state. But no action lies against a devisee so long as there is any remedy against the executor or administrator.

When the estate of any person deceased has been settled in the insolvent course, there is no remedy against the executor or administrator, even if the estate was not in fact insolvent, and the demand depended upon a contingency that did not happen until the estate was settled.

THIS was an action of debt upon a probate bond, given by D. Dwight, on the 15th May, 1817, upon his being appointed administrator of the estate of John Evans, deceased, and executed by Job F. Brooks, as surety of the said Dwight. The action was brought against the defendants, as the heirs at law of the said surety, who had deceased, and as his devisees, " of divers lands and tenements, devised to them by the last will and testament of the said Job F. Brooks," and was prosecuted for the benefit of the creditors of the estate of Evans.

The cause was submitted to the decision of the court upon the following facts, by agreement of the parties.

Dwight was appointed administrator of the estate of John Evans, on the 15th May, 1817, and the bond mentioned in the declaration of the plaintiff was executed by him, and by Job F. Brooks, as his surety.

The estate of Evans was administered in the insolvent course, and upon a settlement of the account of the administrator, on the 7th June, 1826, there was found to be in his hands the sum of $567,16, which, on the same day, was ordered to be divided among the creditors, whose claims as allowed by the commissioners amounted to $1445,22. Soon after the settlement of his account, as aforesaid, Dwight left this part of the country, and no part of the sum decreed to be divided among the creditors of Evans has ever been paid. This suit is brought for the benefit of creditors of the estate of Evans, whose proportion of the estate, as decreed by the judge of probate, amounts to $432,59.

The defendants are the children of Job F. Brooks, who died in September, 1822, having made his will, by which, after making certain provisions for his widow, he devised the residue of his estate to his said children, in certain proportions. The estate of Brooks was administered in the insolvent course. But all the claims against the estate have been paid out of the personal property. The real estate which was valued in the inventory at $14,919,

was, on the 3d November, 1824, divided among the defendants, according to the will, and at the time of the commencement of this suit, there was in the hands of the executor, named in the same will, the sum of $374,48. There was also in his hands, at that time, certain notes against John Peirce, amounting to $169,79. But Peirce being poor, an agreement has been made between him and the said executor, and the heirs, that the heirs should receive the amount in labor, and the notes have since the commencement of this action been distributed among the heirs, who have received some part of the contents in labor.

The bond on which this suit is brought, was never presented to the said executor. But in October, 1826, a list of the claims against the estate of Evans was presented to him, and he was requested to pay the same, as executor of the last will of Job F. Brooks. To which he replied, that he should not pay them, and that he had no funds in his hands.

*Joel Parker*, for the defendants.

The first question is, whether an action lies here against devisees, in any case? At common law devisees are not liable. They are made liable in England by the statute of 3 W. and M. chap. 14. 2 Saund. 7, note 4; Bacon's Ab. " Heir" F ; 6 Mass. Rep. 151, *Hayes* v. *Jackson, et a.*

But the statute of W. and M. has never been adopted in this state. It gives a remedy against devisees only to creditors by specialty, and our laws know no such distinction. Even in England, covenant cannot be sustained against an heir for a breach before his time.

But admitting that such an action may be sustained in this state, the present action cannot be maintained, because there was a clear remedy against the executor of Brooks. The language of the seventh section of the statute of July 2, 1822, relative to the settlement of insolvent estates, is admitted to be very strong. But that

section, and the eighteenth section of the statute of July 2, 1822, relative to the powers and duties of judges of probate, being in *pari materia*, must be taken together. The said eighteenth section, expressly provides that when the contingency happens before the final settlement of the estate, the creditor may exhibit his claims to the executor or administrator, and that they shall be liable therefor as in other cases of estates not represented insolvent, to the extent of the assets under their control.

There being, then, a remedy against the executor, these heirs are not liable. 3 N. H. Rep. 491, *Hutchinson* v. *Stiles*.

*Handerson*, for the plaintiff.

Debt or covenant lies against an heir having assets, when expressly bound by the deed of his ancestor. And so of a devisee. 1 Chitty's Pl. 39 ; 2 Saund. 7, note 4 ; 3 N. H. Rep. 404 ; Bacon's Ab. title, " Heir and Ancestor," F.

If there be several heirs, they should be all joined in the suit ; and so must the heir and devisee. 1 Chitty's Pl. 39 ; 13 Mass. Rep. 384, *Howes* v. *Bigelow* ; 6 Johns. Rep. 59, *Jackson* v. *Hoag* ; 11 ditto, 101, *Executors of Livingston* v. *Tremper*.

Heirs and devisees, although under age, are liable. 4 East, 485.

These are settled principles of the common law. It only remains to enquire, how far these principles have been altered by our statutes. The statute of July 2, 1822, section 18, enacts, that no action shall lie against an administrator unless the demand is presented within two years after grant of administration ; provided, if within the two years the estate is represented insolvent, no such demand shall be necessary. It is also provided that if the demand depend upon a contingency, which happened after the two years, and the creditor exhibit the same before a final settlement and distribution of the estate, the executor or administrator shall be liable

J. of probate
       *v.*
Brooks, et al.

as in other cases of estates not represented insolvent, but only to the extent of the assetts under his control, after the discharge of the other demands, with which the estate stands charged. An examination of this statute will show clearly, we apprehend, that its provisions relate only to the liability of executors and administrators, and the manner of proceeding against them, when the estate is not represented insolvent, and do not make the executor or administrator, liable, under any circumstances, where the estate is administered in the insolvent course. These provisions, then, have no bearing upon the present case.

The statute of July 2, 1822, regulating the settlement and distribution of insolvent estates, prescribes the course of proceeding, when an estate is represented insolvent, and is decreed to be administered in that course. It directs the appointment of commissioners, and gives an appeal from their decision to the superior court. It is then declared in the seventh section, that all demands against the estate which might have been exhibited to, and allowed by, the commissioners, but which were not so exhibited and allowed shall be forever barred. But there is a proviso in that section, " that nothing herein shall be construed to impair any remedy of a creditor against the heirs or devisees, of any such estate, whose demand could not be allowed by the commissioners because the same depended upon a contingency. which had not happened before or during the time allowed to the creditors to prove their demands."

In the case of *Hutchinson* v. *Stiles*, the court decided that in this state, an heir is not liable on the deed of his ancestor, in cases where a remedy might have been had against the executor or administrator of the ancestor. We claim to maintain this action, because we never have had, nor have we now, any remedy against the executor, the demand having depended upon a contingency, which did not happen before or during the time allowed to the creditors to prove their demands.

The bond, on which this suit is founded, was made May 15, 1817. The condition of the bond is, that he should return an inventory, in three months, and settle his account in one year. He did not settle his account until June, 1826. The judge of probate might have compelled an earlier settlement. What reasons may have existed for so long a delay do not appear. Although this suit is in the name of the judge of probate, the court will look through the form to the substance. It is, in truth, a suit by the creditors of Evans. The judge is merely a nominal party. These creditors had no claim under the bond until the decree of distribution was made in June, 1826. Although there might have been a technical breach of the condition by reason that the settlement was not made within a year, the creditors, if they had the right, were not bound, to sue for this breach. They might waive their right, if they had any. It is not for that breach this suit is brought. The demands, for which this suit is brought, were not ascertained as to the amount, and could not be said to exist, until the settlement of the account and decree of distribution were made. This claim could not have been brought before the commissioners of Brooks' estate. Had the bond been presented, what could have been allowed upon it? Not the whole penalty, surely. The penalty is never considered the true debt due. The commissioners would have allowed nothing, or next to nothing. For a mere nominal breach, only nominal damages could have been allowed. It could not then have been known, that Dwight would fail to pay over to the creditors the amount that might be found in his hands upon the settlement of his account. Whether there would or would not be a claim upon the estate of Brooks, depended then upon a contingency which had not happened.

Where an estate is administered in the insolvent course, no suit can be maintained against the executor or administrator with the single exception of an appeal from the

determination of the commissioners. Such claims as are not presented to the commissioners can, under no circumstances, be enforced by suit against the executor or administrator. It is the same, whether the estate be solvent or insolvent. Such is the obvious meaning of the statute; and so it is held in Massachusetts upon a statute containing similar provisions. 15 Mass. Rep. 264, *Judge of probate* v. *Nichols.*

If we are not mistaken in our views of the law, it is immaterial to enquire what amount of assetts were in the hands of Lord, the executor, at the time this cause of action accrued, or at any subsequent period. Nor was a demand upon him necessary. The case states, that he had in his hands in April, 1828, the sum of $374,48. The creditors had then no adequate remedy, if any, against the executor. But no action could be maintained against him for any amount, whatever assetts he might have had.

The proviso to the statute of 1822, before cited, would seem to have been intended not only to save from the general operation of the statute this very case as well as all others like it, but it enacts, in substance, that when a demand depends upon a contingency, so that it cannot be allowed by the commissioners, the claim shall stand as at common law, and an action may be maintained against heirs and devisees in those cases, where by the common law they are liable.

*By the court,* We have no doubt, that the statute of the 3 and 4 W. & M. chap. 14, was adopted in this state. Our own statutes refer to the remedy, it provides. But we are of opinion, that devisees, like heirs, are liable only in cases, where no remedy can be had against the executor or administrator. The reasons, why heirs are held to be liable only in such cases, are stated in *Hutchinson* v. *Stiles,* 3 N. H. Rep. 404, and the same reasons exist in the case of devisees.

The question then, is, whether the creditors of Evans,

for whose benefit this suit is prosecuted, could, at any time, since the decree of distribution was made in the case of that estate on the 7th June, 1826, have sustained a suit against the executor of Brooks upon this bond, and thus have enforced the payment of the sum they are entitled to receive of Dwight under that decree? Until that decree was made and Dwight neglected to obey it, the claims against the estate of Brooks, which this suit is brought to recover, did not exist. Until that time it depended upon a contingency that might never happen, whether the estate of Brooks would ever be liable upon this bond for those claims. It remained in contingency, whether any decree of distribution would ever be made, and if made, whether Dwight would obey it or not.

And when that decree of distribution was made, the estate of Evans had been settled in the insolvent course, and all the proceedings closed.

The effect of a settlement of an estate in that course is declared by the statute of July 2, 1822, entitled an act "regulating the settlement and distribution of insolvent estates," in language that cannot be misunderstood. The language of the seventh section is, "that all demands against such estate exhibited to the commissioners and rejected by them and not prosecuted to judgment in the manner by this act prescribed, and all demands against such estate, which by virtue of this act might have been exhibited to, and allowed by, them, but which were not so exhibited and allowed, shall be forever barred. And no action against any executor or administrator of any such estate shall ever be sustained otherwise than in this act is provided. And if any action be commenced against the executor or administrator of such estate, it shall be discontinued, when the estate is represented insolvent. Provided, however, that nothing herein contained shall be construed to impair any remedy of a creditor against the heirs or devisees of any such estate, whose demand could not be al-

12

lowed by the commissioners, because the same depended upon a contingency, which had not happened before or during the time allowed to the creditors to prove their demands." Nothing can be clearer than this language. No suit can be maintained against an executor or administrator of an insolvent estate, except by way of appeal from the determination of the commissioners. And it is apparent from the language of the statute, that it was the intention of the legislature, that these provisions should apply to all cases of estates administered in the insolvent course, although in some cases the estate might prove not to be in fact insolvent. For if such were not the intention, the proviso saving the remedy against heirs and devisees, is idle and nugatory. In case of actual insolvency, there can be nothing in the hands of heirs or devisees, and there can be no remedy against them.

We have examined the eighteenth section of the statute of July 2, 1822, entitled "an act defining the jurisdiction, powers, and duties of a judge of probate, and the duties, exemptions and liabilities of executors, administrators and guardians in certain cases, in order to ascertain if that does not give a remedy against the executor in this case, at least, to the extent of the assetts in his hands. It is provided in that section, that no action shall be brought against an executor or administrator within a year after the original grant of administration nor be sustained unless the demand was exhibited to the executor. "And no such action shall ever be sustained, unless the demand, whether payable or not, was exhibited within two years from the original grant of administration to the executor or administrator, acting as such at the time of the exhibition, but every remedy for the recovery thereof against any executor or administrator shall be barred—provided, that if the demand depended upon a contingency which might never have happened, but which shall have happened after the said two years, and the creditor shall exhibit the same before

the final settlement and distribution of the estate, the executor or administrator shall be liable therefor, as in other cases of estates not represented insolvent, but only to the extent of estates under his control, and which shall remain after the discharge of the other demands with which the estate stands charged."

After a most attentive consideration of these provisions, we are satisfied, that they were not intended to apply in cases of estates administered in the insolvent course. In particular, we think the proviso in relation to demands, depending upon a contingency, was not intended to be so applied, because it is expressly provided that the executor or administrator shall be liable in such demands, as in *other cases* of estates not represented insolvent.

We are therefore of opinion, that the plaintiff is entitled to judgment.