STRAFFORD.

CLOUGH v. McDANIEL, Ex'r.

An indorsement on a note is in itself not competent evidence of a new promise.

In an action against an executor, the plaintiff must prove that the claim was presented, as required by Gen. St., c. 179, ss. 2, 3.

ASSUMPSIT, on a promissory note, dated April 15, 1865, executed by one Hayes as principal, and the testator as surety, and payable to the plaintiff. The writ was dated August 28, 1874. Plea, the general issue, with a brief statement that the plaintiff's action did not accrue within six years before the commencement of the same. The will was proved, and the grant of administration taken on the first Tuesday of May, 1871. It was admitted that there were assets of the testator in his executor's hands sufficient to pay the note.

The plaintiff proved the signatures to the note, and read it in evidence, and, subject to the defendant's exception, read two indorsements thereon, without proof of the handwriting, or that payments were made as stated in them. The plaintiff proved, in substance, by several witnesses, that the defendant said at different times that the testator's property was liable for the payment of the note, and that, if Hayes did not pay it, he should have to pay it, and that the note was good. Other than this, there was no evidence that the claim was exhibited to the executor within two years of the granting of administration, or of a demand upon him for payment within three years from that date.

The court refused to order a nonsuit, and the defendant excepted. Verdict for the plaintiff, which the defendant moved to set aside.

*Wheeler*, for the plaintiff.

*Copeland*, for the defendant.

BINGHAM, J. The indorsements were not competent evidence. They were not shown to be in the defendant's handwriting, or in the handwriting of any one that made them evidence against him. Nor were they verified by payments. *Marshall* v. *Daniels*, 18 N. H. 364.

No action can be sustained against an executor unless the demand was exhibited to him within two years from the original grant of administration, according to Gen. St., c. 179, ss. 2, 3.

The plaintiff must prove this fact affirmatively, in order to recover under the general issue. It is a part of his case. *Mathes* v. *Jackson*, 6 N. H. 105; *Kittredge* v. *Folsom*, 8 N. H. 98. The evidence in the case had little, if any, legal tendency to prove such an exhibition of

the claim in suit. It showed that the defendant thought the testator's property liable to pay the note, if Hayes, the principal, did not; but there is nothing that indicates that he had this opinion because the note had been duly exhibited to him : on the contrary, his opinion would seem to be based upon the idea, that, as the testator had signed the note as surety, the surety would be obliged to pay it if the principal did not. The evidence was speculative and vague, and would seem to be insufficient for the purpose offered.

The question, that the suit was not brought within three years from the time of the original grant of administration, as required by Gen. St., *c.* 179, *s.* 5, is not raised by the pleadings, and we do not express any opinion in regard to it; but if it should be raised, it is difficult to see how the plaintiff could maintain this action upon the facts that now appear in the case. *Walker* v. *Cheever*, 39 N. H. 420, 428 ; *Company* v. *Barnes*, 48 N. H. 25.

*Verdict set aside.*

FOSTER, J., did not sit.