**O. G. SPELMAN & others *vs.* THOMAS TALBOT & others, administrators.**

Hampden.   Sept. 25, 1877. — Jan. 31, 1878.   ENDICOTT & LORD, JJ., absent.

Pending an action against several defendants, on a joint contract, one of them died, and judgment was recovered against the surviving defendants more than two years after letters of administration had been taken out on the estate of the deceased. This judgment was paid by all the judgment debtors except one, who was insolvent. *Held*, that they could not maintain a bill in equity for contribution against the administrators of the estate of the deceased.

BILL IN EQUITY, filed March 8, 1877, by O. G. Spelman, Lewis Bodman, Henry L. James, Joel Hayden and William Skinner, against the administrators of the estate of Joel Hayden, deceased.

The bill alleged that the defendants' intestate together with the plaintiffs and Alfred P. Critchlow and the Nonotuck Silk Company, by Lucius Dimock, executed the following instrument:

" Williamsburg, January 26, 1866.   To J. E. Sheffield, esquire, Committee of the Northampton and New Haven Railroad Company.   The undersigned, representing a large portion of business on the line of the proposed railroad from Northampton to Williamsburg, propose that, if your company will extend their road to Williamsburg as soon as practicable, we will undertake to secure good, responsible subscriptions to the stock of your company, to the amount of 1250 shares, and pay for the same in instalments, as needed for building the road.   We also propose to secure the right of way for the road, free of expense to your company, from the westerly side of the town farm in Northampton to the western terminus of the road in Williamsburg, and also to obtain the needful legislation in Massachusetts to merge or consolidate the Northampton and Shelburne Falls Railroad Company with the Northampton and New Haven Railroad Company, so as to form one corporation from New Haven to Williamsburg.   It is understood that this proposition is not to be binding on our part, unless we can secure the taking of the amount of stock above named, and also the right of way, or make such arrangement in regard to the same as shall be satis-

factory to your company; also that the stock (1250 shares) is not to share in the earnings of the road until the extension is in operation."

That the New Haven and Northampton Company, having complied with the terms of the above instrument, was called upon to pay damages to the owners of land for the right of way taken by it for such extension of its railroad; that thereupon the corporation called upon the signers of the instrument to make good their agreement, which they refused to do; and that thereupon such signers executed another instrument, under which the corporation settled such claims, as follows:

" Williamsburg, August 13, 1867. To the New Haven and Northampton Company. The undersigned, whose names are subscribed to proposals submitted in January, 1866, to the New Haven and Northampton Company for them to extend their railroad to Williamsburg, hereby agree that said company may go forward and secure the right of way for said road west of Northampton town farm, either by purchase or appraisement by the county commissioners, as said company may think best, and that it shall be done without prejudice to the legal rights of either party named in said proposals."

That by writ dated in May, 1869, the corporation commenced an action in the Superior Court against such signers for breach of contract and for money paid by reason of such breach, which action was defended by the defendants' intestate and the other signers, and during the pendency of which on June 30, 1873, the following agreement, signed by the parties, was filed in the case:

" Judgment shall be rendered for the plaintiff as damages, as if upon a verdict, for three fifths of such sum as an assessor to be appointed by the court, unless agreed upon by the parties, shall find the plaintiffs have paid or are bound to pay for their right of way described in the contract, with interest thereon. Said assessors shall report each item, and the grounds of allowance or rejection, and shall also report any questions of law arising in the making of such assessment, if requested by either party, to this court, with right to take the same to Supreme Judicial Court. It is understood that the verdicts, awards and amounts paid shall be considered the value of the premises taken. Any outstanding claims in favor of the Nonotuck Silk

Company against the plaintiff are agreed to be adjusted and paid by the said Joel Hayden and others, defendants in the above suit, but without prejudice to any claim said defendants may have on Lucius Dimock or said Nonotuck Silk Co. for contribution."

That on November 10, 1873, and during the pendency of said action, the defendants' intestate died, and on December 3, 1873, the defendants were duly appointed administrators of his estate, and gave due notice thereof, as required by law; that in June, 1875, the plaintiffs procured a summons to issue from said Superior Court to the defendants as administrators, to appear and defend the action, which summons was duly served, and at October term 1875, on motion of said administrators, the process was dismissed, as having been issued inadvertently and without authority of law, and exceptions alleged to such order were overruled by this court in January, 1876. [*New Haven & Northampton Co.* v. *Hayden,* 119 Mass. 361.]

That on June 28, 1876, the corporation obtained judgment in said action, in accordance with the terms of the agreement upon the assessors' report, dated June 18, 1876, against the plaintiffs herein and A. P. Critchlow, and on July 5, 1876, execution issued thereon for the sum of $24,144.14 damages, and $523.80 costs of suit; that the same was demanded of and was paid by the plaintiffs, equally, on July 7, 1876, with the sum of $41 interest, $3724.87 necessary expenses, and $3003.75, and interest from October 3, 1869, being the amount of judgment of that date in favor of the Nonotuck Silk Company, for damages against the New Haven and Northampton Company, assumed by the plaintiffs and the defendants' intestate, by the terms of the agreement; that A. P. Critchlow has paid no part of such sums, by reason of inability, and no part thereof is collectible against him; that the Nonotuck Silk Company was adjudged, upon the trial of the original action, not to be a party to the first above named instrument, and has paid no part of such sums; and that since the payments were made by the plaintiffs, they have demanded of the defendants contribution of their intestate's share thereof, which they have refused to pay.

The prayer of the bill was for judgment for the amount of the defendants' intestate's contributory share in the sums paid by

the plaintiffs, and for general relief. The answer contained a demurrer for want of equity, and alleged that the plaintiffs remedy, if any, was at law.

Hearing before *Gray*, C. J., who made a decree, dismissing the bill for want of equity, and without prejudice to an action at law by the plaintiffs. The plaintiffs appealed.

*H. B. Stevens*, for the plaintiffs.

*J. C. Hammond*, for the defendants.

AMES, J. The various statutes, limiting the period of time during which executors and administrators are liable to be sued by the creditors of a deceased person, were plainly intended to secure the prompt and early settlement of estates. By the Gen. Sts. *c.* 97, § 5, this time is limited to two years after due notice has been given, as provided in the first section of the same chapter. Provision is made for the allowance of additional time in case of the discovery of new assets after the expiration of the two years. § 6. And there is a further provision to meet the case of a creditor having a claim which is justly due from the estate, but whose cause of action does not accrue within the prescribed term of two years. In this state of things the Probate Court may, upon examination, require the executor or administrator to retain in his hands sufficient funds of the estate to satisfy such claim. § 8.

A later statute, (St. 1861, *c.* 174, § 2,) which is relied upon by the plaintiffs, provides that any one who " has a claim against the estate of a deceased person, which has not been prosecuted within the time limited by law," may apply to this court by a bill in equity setting forth all the facts, and, if the court shall be of opinion that justice and equity require it, and that he "is not chargeable with culpable neglect in not bringing his suit within the time limited by law," the court may give him judgment against the estate of the deceased. But, even in that event, such judgment is not to disturb or affect any payments or distributions made before the commencement of such suit in equity.

The claim of these plaintiffs does not appear to us to fall within the purview of this statute. They have not been prevented by any accident or mistake from bringing a suit within the time limited by law. *Wells* v. *Child*, 12 Allen, 333. No fraud is suggested. The question of neglect, or of any excuse

for neglect on their part, does not arise. They had no claim of any kind against the estate of the deceased, until the amount of·their liability upon the suit against them was determined by a judgment against them, and until payment by them of that judgment. *Hayward* v. *Hapgood*, 4 Gray, 437. As the period fixed by law for the limitation of actions against his administrators had long before that time expired, they have never been in a position in which they had any legal claim at all against these defendants. Their possible liability upon their contract with the railroad company would not even give them a contingent claim upon the intestate's estate, upon which they could obtain an order from the Probate Court requiring the administrators to retain in their hands any funds of the estate to satisfy such claim. *French* v. *Hayward*, 16 Gray, 512. The statute on which the plaintiffs rely is intended to provide a remedy for a claim which might have been presented to the administrators for payment within the period of limitation, but which, without culpable neglect on the creditor's part, has failed to be so presented. The claim in this case was not one of that description, inasmuch as it did not come into existence until after the period had arrived at which the administrators of the deceased were relieved by law of all liability to suit in behalf of creditors ot the estate. *Wood* v. *Leland*, 1 Met. 387. *Holden* v. *Fletcher*, 6 Cush. 235. *Bacon* v. *Pomeroy*, 104 Mass. 577. Whether the plaintiffs have or might have had a remedy against his legatees, distributees or heirs is a question not before us.

*Decree affirmed.*