Carroll,   ⎫
Dec. 1, 1908. ⎬

## CUMMINGS, *Ex'x*, *v.* FARNHAM, *Ex'r*.

Apart from the equitable relief afforded under section 27, chapter 191, Public
   Statutes, a creditor of a deceased person cannot maintain an action against
   his debtor's estate without proof that the demand was exhibited to the
   executor or administrator within one year after the original grant of
   administration, although a right of action may have existed against the
   debtor at the time of his decease and survived him.
The suspension of administration contemplated by sections 2 and 4, chapter
   191, Public Statutes, is one occasioned by the death, resignation, or removal
   of an original administrator within the period prescribed for the presenta-
   tions of claims and commencement of suits, and has no reference to the
   estate of a deceased creditor.
Under section 6, chapter 191, Public Statutes, the administrator of a deceased
   creditor may bring an action against the estate of the debtor within two
   years after the original grant of administration upon either estate, at his
   election.

ASSUMPSIT, upon two promissory notes given by the defend-
ant's testator to the plaintiff's testatrix. Transferred from the
June term, 1908, of the superior court by *Chamberlin,* J., on the
defendant's exceptions to the denial of motions for a nonsuit and
the direction of a verdict in his favor. Facts agreed.

Jacob H. Cook died November 26, 1904, and the defendant was
appointed executor of his estate January 3, 1905. Lilla M. Cook
died May 29, 1905, and a special administrator of her estate was
appointed in Massachusetts March 5, 1906. The plaintiff was
appointed executrix of her estate in Massachusetts March 11,
1907, and in New Hampshire May 21, 1907. This suit was
brought July 1, 1907. The notes in suit were presented to the
defendant and payment was demanded before the action was
begun, but there was no evidence that the notes were exhibited
to the defendant by the plaintiff or her testatrix within a year
after administration was taken out by the defendant upon his tes-
tator's estate. Other material facts appear in the opinion.

*Arthur O. Fuller*, for the plaintiff.

*Kivel & Hughes*, for the defendant.

BINGHAM, J. This is an action of assumpsit upon two promis-
sory notes given by the defendant's testator to the plaintiff's testa-

trix.    In the superior court it was agreed by the parties, that if
upon a transfer of the case the ruling of the court denying the
defendant's motions for a nonsuit and a verdict should be sus-
tained, the plaintiff should have judgment for the amount of the
notes ($318.42) and costs, but that if it should be set aside, the
defendant should have judgment with costs.    Both motions were
based upon the same ground, namely, that the plaintiff had failed
to prove that the notes were presented to the defendant within
one year from the granting of administration upon his testator's
estate.

As this is a proceeding at law, and the case was transferred upon
the agreement of the parties that if the plaintiff could not main-
tain her action upon the proof submitted there should be judgment
for the defendant, it is clear that the question whether the plain-
tiff might have relief in equity, under the provisions of section 27,
chapter 191, Public Statutes, notwithstanding her failure to prove
that the notes were duly presented, is not now before us.    The
relief afforded under that statute to creditors of a deceased per-
son's estate, who have not prosecuted their claims within the time
prescribed by law, is based upon grounds of justice and equity,
and want of culpable negligence on the part of the claimant; and
a proceeding under it calls for the determination of questions of
fact not material to this action and not here presented.    *Webster*
v. *Webster*, 58 N. H. 247; *Page* v. *Whidden*, 59 N. H. 507, 510;
*Libby* v. *Hutchinson*, 72 N. H. 190.    The question, therefore, which
we are called upon to consider is whether, apart from the relief
that might be afforded under section 27, and without proof that
the notes were seasonably exhibited, the plaintiff can maintain this
suit against the defendant.

In chapter 191 of the Public Statutes, as amended by chapter 2,
Laws 1899, it is provided that no action shall be sustained against
an administrator if begun within one year after the original grant
of administration, nor unless the demand has been exhibited to
the administrator and payment has been demanded (*s.* 1); nor
unless the demand was exhibited to the administrator within one
year after the original grant of administration, exclusive of the
time such administration may have been suspended (*s.* 2); nor
unless the action is begun within two years next after the original
grant of administration, exclusive of the time such administration
may have been suspended (*s.* 4); and if the right of action existed
in favor of or against the deceased at the time of his death, and
survives, an action may be brought by or against the administra-
tor at any time within two years after the original grant of admin-
istration (*s.* 6).

In this case the plaintiff has neither proved that her claim was

exhibited to the defendant within the year after original adminis-
tration was granted upon the estate represented by the defendant,
nor that original administration upon that estate has ever been
suspended. A mere failure to apply for administration is not a
suspension within the meaning of sections 2 and 4 of chapter 191;
for until administration is granted the time within which the claim
must be presented or the suit begun does not commence to run.
The suspension contemplated by these sections is one occasioned
by the death, resignation, removal, and the like, of an original
administrator upon a deceased debtor's estate, within the period
prescribed for the presentation of claims or the bringing of suits,
and has no reference to a suspension of administration upon the
estate of a deceased creditor. Where there has been no suspen-
sion of administration, it has been repeatedly held that an action
cannot be maintained against an administrator under section 4,
unless the claim upon which the suit is based was exhibited within
the year after administration was taken out on the debtor's estate.
*Mathes* v. *Jackson*, 6 N. H. 105; *Kittredge* v. *Folsom*, 8 N. H. 98;
*Walker* v. *Cheever*, 39 N. H. 420, 426; *Clough* v. *McDaniel*, 58
N. H. 201. And this rule has been held to apply to contingent
demands and to demands not falling due within the statutory
period. *Cutter* v. *Emery*, 37 N. H. 567; *Walker* v. *Cheever*, 39
N. H. 420; *Libby* v. *Hutchinson*, 72 N. H. 190, 194. The only
situation in which an action has been maintained against an exec-
utor or administrator under section 4, the provisions of section 2
not having been complied with, is where " the omission to present
a demand in due time has been caused by the fraudulent act of
the executor or administrator, or   .   .   .   [some] person with
whom he is in privity." *Sugar River Bank* v. *Fairbanks*, 49 N. H.
131, 143; *Walker* v. *Cheever*, 39 N. H. 420, 426, 427. There-
fore, in the absence of fraud or its equivalent, and apart from the
relief afforded by section 27, proof of the presentation of a claim,
as prescribed in section 2, is essential to the maintenance of an
action against an executor or administrator of a deceased debtor's
estate, under section 4.

It is also essential to the maintenance of an action against an
executor or administrator under section 6, that section 2 should
be complied with; for notwithstanding a right of action may have
existed in favor of the creditor or his executor against the debtor
at the time of his decease, section 2 provides that a suit cannot be
maintained against the debtor's executor or administrator unless
the claim is exhibited to him within the year after he has qualified
as executor or administrator. In other words, the legal construc-
tion of section 2 is that no action can be maintained against the
executor or administrator of a deceased debtor's estate if the

requirements of that section have not been met, even though a right of action may have existed against the debtor at the time of his decease and survived him. *Libby* v. *Hutchinson*, 72 N. H. 190, 194; *Clough* v. *McDaniel*, 58 N. H. 201. The only privileges conferred by section 6, in addition to those conferred by section 4, where suit is brought against an executor or administrator, are that if the plaintiff is an executor or administrator he may begin his suit within two years after original administration is taken out on the creditor's, instead of the debtor's estate, if it will be of advantage for him to do so, and the consequent extension of time within which payment may be demanded before suit is brought. *Brewster* v. *Brewster*, 52 N. H. 52; *Clough* v. *McDaniel*, 58 N. H. 201.

According to the facts in this case, the plaintiff's testatrix in her lifetime could have presented her claim to the defendant and demanded payment; and if the plaintiff before she took out administration in New Hampshire could not have made a proper demand of payment (P. S., c. 191, s. 18; *Cutter* v. *Emery*, 37 N. H. 567, 568, 573; *Merrill* v. *Woodbury*, 61 N. H. 504; *Judge of Probate* v. *Runnells*, 66 N. H. 271; *Strafford Savings Bank* v. *Church*, 69 N. H. 582), a question not decided, nevertheless, as a person interested in the estate, and before taking out administration, she could have exhibited the claim in behalf of the estate to the defendant at any time within one year from the time administration was taken out by him (*Ayer* v. *Chadwick*, 66 N. H. 385); and after taking out administration upon the testatrix's estate she could have demanded payment, and brought her action within two years from that time. *Brewster* v. *Brewster*, 52 N. H. 52.

*Defendant's exceptions sustained.*

All concurred.